NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORA A. SCHMIDT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARS, INC.,<br><br>　　　　Defendant. | Civil Action No.: 09-3008 (PGS)<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on Plaintiff Debora A. Schmidt's ("Plaintiff's") Appeal of Magistrate Judge Esther Salas's denial of Plaintiff's Informal Motion to Compel (Motion to Compel). (ECF No. 64.). In said motion, Plaintiff sought to compel Defendant Mars, Inc. ("Defendant"), to produce the personnel files of Lisa Kravetsky, Sandy Beers, Debbie Carr, and Bob Cargo. (ECF No. 40.). Judge Salas denied Plaintiff's Motion to Compel on the record on December 29, 2010, and filed a letter order memorializing her decision on December 30, 2010. (ECF No. 40.).

During a status conference with this Court on April 29, 2010, Counsel for Plaintiff indicated that she wished to appeal the denial of the Motion to Compel, but indicated that she had not yet filed an appeal because she had not received a transcript of the oral decision. Despite concerns about the timeliness of such an appeal, the Court entered a Scheduling Order permitting Plaintiff to file her appeal. (ECF No. 63.). Plaintiff filed her appeal on May 6, 2011, and Defendants filed their opposition on May 13, 2011. (ECF Nos. 64, 65.).

## I.

On May 5, 2009, Plaintiff filed this action in the Superior Court of New Jersey, Morris County. Plaintiff's Complaint alleges that (1) she was discriminated against in her employment due to her gender and disability, (2) she was subject to a hostile work environment due to her gender, and (3) she suffered retaliation following internal complaints about gender discrimination. Defendant removed the action to Federal Court on June 19, 2009.

On May 13, 2010, Magistrate Salas approved an Amended Pre-Trial Order, which stated "May 14, 2010 is the last day for both parties to raise any objections regarding written discovery. The parties are to meet and confer on this issue." (ECF No. 23.). The Amended Pre-Trial Order also stated that "July 14, 2010 is the end-date for discovery." (ECF No. 23.).

On July 15, 2010, Plaintiff's Counsel filed a motion to compel the production of documents. (ECF No. 27.). However Plaintiff's Counsel did not seek leave of Court before taking such action. Therefore, Magistrate Salas directed Plaintiff's Counsel to withdraw said motion, and on July 21, 2010, filed a Letter Order directing the parties to "prepare and file a joint submission outlining **any and all** pending discovery disputes" on or before September 3, 2010. (ECF No. 29.). In the same Letter Order, the Court set oral argument on the joint submission for October 1, 2010. (ECF No. 29.).

No joint submission was ever filed by the parties. Accordingly, by Letter Order, dated August 11, 2010, the Court converted the Oral Argument scheduled for October 1, 2010, to a settlement conference. (ECF No. 32.).

On October 8, 2010, Plaintiff filed the Motion to Compel, which requested the production of personnel files of Lisa Kravetsky, Deborah Carr, Sandra Beers, and Bob Cargo. (ECF No. 33.).

Plaintiff's Counsel asserted that her production request was timely because she moved to compel only one day after the close of discovery and that Defendant would suffer no prejudice due to Plaintiff's delay in seeking such discovery. (ECF No. 33.). In opposition, Defendant argued that Plaintiff was notified on December 9, 2009, that it would not produce the files of Kravetsky, Beers, or Carr; yet, Plaintiff waited until the close of discovery to object to such non-production. (ECF No. 34.). In addition, Defendant contended that Plaintiff first requested files related to Bob Cargo in Plaintiff's Motion to Compel. (ECF No. 34.).

On December 29, 2010, Magistrate Salas denied Plaintiff's Motion to Compel on the record. On December 30, 2010, Magistrate Salas issued a Letter Order confirming that Plaintiff's Motion to Compel was denied. (ECF No. 40.).

## II.

Local Civil Rule 72.1(c)(1) sets forth the procedure for an appeal from a Magistrate Judge's non-dispositive order and states in-part as follows:

> (A) Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order, unless a motion for reargument of the matter pursuant to L. Civ. R. 7.1(i) has been timely filed and served . . . . Such party shall file with the Clerk and serve on all parties a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. The notice of appeal shall be submitted for filing in the form of a notice of motion conforming with the requirements of L. Civ. R. 7.1. The party filing an appeal shall provide to the Court a transcript of that portion of the hearing before the Magistrate Judge wherein findings of fact were made, no later than 14 days before the return date of the motion. . . .

The Court's review of non-dispositive matters, like discovery matters, are subject to the abuse of discretion standard of review. L. Civ. R. 72.1(c)(1)(A); *Krefesky v. Panasonic Commc'ns and Sys.*

*Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for an abuse of discretion." (citation omitted)). Such a deferential standard "is especially appropriate where the magistrate judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. 04-2355, 2010 U.S. Dist. LEXIS 10430, *5 (D.N.J. Feb. 5, 2010). Courts in this District have explained that "[a]n abuse of discretion occurs: when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted." *Leap Sys. Inc. v. Moneytrax, Inc.*, No. 05-1521, 2010 U.S. Dist. LEXIS 53167 (D.N.J. June 1, 2010).

## II.

Plaintiff's appeal to this Court asserts that (1) the motion to compel was not out of time because it was filed only a day after the end of discovery and that it was illogical to Plaintiff's Counsel that such a motion would have to be filed before the end of discovery; (2) Defendant failed to abide by federal discovery rules by failing to engage in electronic discovery protocol; (3) case law on the New Jersey Law Against Discrimination supports the production of personnel files like those requested in this case; (4) Plaintiff's Counsel's failure to apprise the Court of discovery disputes earlier should not be fatal to her request for discovery; (5) not enough time was allowed for discovery in this case; and (6) Defendant's failure to produce the requested documents has prejudiced Plaintiff. Plaintiff's Counsel also claims that the parties did not have the benefit of a written opinion explaining why the Motion to Compel was denied. Nevertheless, Plaintiff's Counsel states that the parties were informed during a subsequent hearing with Judge Salas that the Motion

to Compel was denied as untimely.

Having reviewed the submissions of the parties, the Court concludes that Plaintiff's appeal of the denial of Plaintiff's Motion to Compel is denied.

The Court concludes that Plaintiff's appeal is untimely pursuant to the time-frame established in Local Civil Rule 72.1(c)(1)(A). The Rule clearly states that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's *order*." L. Civ. R. 72.1(c)(1)(A) (emphasis added). Magistrate Salas filed her Order on December 30, 2010. However, it was not until April 29, 2010, almost four months after Magistrate Salas filed the Order that Plaintiff's Counsel indicated any intention to file an appeal. Plaintiff's Counsel complained that she delayed in filing her appeal because she did not have the benefit of the transcript, but a plain reading of the Rule reveals that the Rule contemplates that a party may file a notice of appeal and then provide a transcript. *See* L. Civ. R. 72.1(c)(1)(A) ("The party filing an appeal shall provide to the Court a transcript of that portion of the hearing before the Magistrate Judge wherein findings of fact were made, no later than 14 days before the return date of the motion."). In addition, Courts in this District have indicated that an appeal may be made from a non-dispositive motion even without a formal written order from the Court. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. 2004) (explaining when oral decision is read into record, "a written order is not necessary to preserve review"). Finally, Plaintiff's Counsel has not offered any good reason for her delay in filing this appeal. The docket does not reveal that Plaintiff's Counsel contemplated the filing of an appeal before April or that Plaintiff's Counsel sought the transcript of the December 29, 2010, oral decision. Rather, Plaintiff's Counsel's request for an appeal came up casually during a status conference, almost as an

afterthought.

Even assuming that Plaintiff's Counsel's appeal was timely, the Court nevertheless finds that the denial of the Motion to Compel does not constitute an abuse of discretion. There is ample support in the record to support Magistrate Salas's determination that the Motion to Compel was untimely. As an initial matter, Plaintiff's Counsel failed to raise objections to written discovery by the deadline of May 14, 2010. In addition, Plaintiff failed to object by the end-date for discovery of July 14, 2010. "Generally, however, motions to compel must be filed within the scheduled time for discovery." *Altana Pharma AG,* 2010 U.S. Dist. LEXIS 10430, at *7. Further, even after the end-date for discovery, Plaintiff was permitted to file a joint submission regarding discovery disputes by September 3, 2010. Plaintiff's Counsel failed to file any submission jointly or independently. In light of such factual circumstances, the Court is satisfied that the denial of the Motion to Compel as untimely is not an abuse of discretion.

Therefore, IT IS on this 13th day of June 2011 **ORDERED** that Plaintiff's Appeal of Magistrate Judge Esther Salas's denial of Plaintiff's Motion to Compel is denied. (ECF No. 40.).

_____
PETER G. SHERIDAN, U.S.D.J.

June 13, 2011