NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORA A. SCHMIDT,<br><br>Plaintiff,<br><br>vs.<br><br>MARS, INC. .<br><br>Defendant. | Civil Action No.: 09-3008 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Defendant, Mars, Inc.'s, (Defendant or Mars) motion for reconsideration of the denial of summary judgment.

Defendant claims the denial of the motion for summary judgment (former motion) was based on incorrect facts utilized by the Court that were not part of the record (such as statements by Plaintiff's counsel), and that the Court "misunderstood the undisputed material facts." After a thorough review of the facts submitted to the Court in the former motion, and a review of Plaintiff's brief in opposition to the motion for reconsideration, the Court disagrees with Mars' contention, and denies the motion for reconsideration.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc.,*

*v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).* Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Here, there is no new evidence or facts presented.

Defendant's motion prompts an additional response. That is, the facts in the former motion were not clearly articulated by either party. As a result, the Court reviewed all of the alleged facts set forth by both parties and determined them in favor of the non-moving party. Generally, the Court

followed the usual standard; that is "in considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).  Without responding to each contention in Defendant's brief on this motion, the Court relies on comments set forth in Plaintiff's responding brief with one exception.  Plaintiff claims in its responsive brief that there is "substantial evidence" of discrimination.  The Court does not adopt that characterization of the facts, nor would it describe the facts presented so broadly.

## ORDER

Based on the foregoing;

IT IS ON this 5th day of January, 2012;

ORDERED that Defendant, Mars, Inc.'s motion for reconsideration (docket entry 126); is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.