**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **DEBORA A. SCHMIDT,** | : | Civil Action No.: 09-3008 (PGS) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| **MARS, INC.,** | : | |
| Defendant. | : | |
| _____ | : | |

**ARPERT, U.S.M.J.**

On May 5, 2009, Plaintiff Debora A. Schmidt ("Plaintiff") filed a Complaint in the Superior Court of New Jersey alleging that, based upon the conditions of her employment with Defendant Mars, Inc. ("Defendant"), she was harassed and wrongfully terminated as a result of gender discrimination, retaliation and disability discrimination in violation of the New Jersey Law Against Discrimination. *See* Pl.'s Compl., dkt. entry no. 1 at 7-14. Defendant removed this action to United States District Court on June 19, 2009. *See* dkt. entry no. 1. Presently, the trial of this matter is scheduled to commence before U.S. District Judge Peter G. Sheridan on April 30, 2012. *See* dkt. entry no. 135.

This matter now comes before the Court on a series of motions *in limine*. Specifically, at the direction of the undersigned, on March 2, 2012 Defendant submitted three motions *in limine* (1) to preclude any testimony, evidence, argument, or comment concerning any witness not properly identified by Plaintiff, (2) to preclude the introduction of defense counsel Rick Harmon ("Harmon") as a fact witness at trial, and (3) to preclude the introduction into evidence of any exhibit not previously disclosed to Defendant during discovery. *See* Def.'s Br., dkt. entry no.

139-1 at 1-16.  Plaintiff has opposed each of Defendant's motions *in limine*.  *See* Pl.'s Opp'n Br., dkt. entry no. 140 at 1-18.

For the reasons stated herein, Defendant's motions *in limine* are **GRANTED** and **DENIED** as set forth below.

I.  **Defendant's motion to preclude any testimony, evidence, argument, or comment concerning any witness not properly identify by Plaintiff [dkt. entry no. 139]**

In the Final Pretrial Order, Plaintiff has identified 35 witnesses that she intends to call at trial.  Defendant contends that Plaintiff failed to properly disclose the names of 17 of those witnesses.  More specifically, Defendant states that despite extensive discovery, 8 of Plaintiff's proposed witnesses were never previously identified (*i.e.*: Harmon, Koke, Guilford, Teti, Tiwar, Frendo, Smith and Jichetti) and 9 others "were merely mentioned in some form" in Plaintiff's Answers to Interrogatories (*i.e.*: Apostola, Donaldson, Urankar, Romito, Granados, Schultheis, Kruger, Warner, and Feeney).  *See* Def.'s Br. at 3.  Defendant argues that pursuant to FED. R. CIV. P. 37(c)(1) the trial court may exclude otherwise admissible testimony because of a party's failure to disclose the identity of the witnesses it intends to call at trial during the discovery process unless the failure to do so was substantially justifiable or harmless.  Further, pursuant to FED. R. CIV. P. 37(c)(1) and *D&D Assoc., Inc. v. N. Plainfield Bd. of Ed.*, 2006 WL 1644742 (D.N.J. 2006), the party who fails to disclose bears the burden to show that its actions were substantially justified or harmless.  When such a failure occurs, the Court must consider: (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified, (2) the party's ability to cure the prejudice, (3) the extent to which calling undisclosed witnesses would disrupt the trial process, and (4) bad faith or willfulness in failing to comply with the

Court's Order.  *See Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904 (3d Cir. 1977); *see also Brooks v. Price*, 121 Fed. Appx. 961 (3d Cir. 2005).

Here, Defendant argues that it was deprived of the opportunity to depose, interview or otherwise discover facts from these 17 witnesses, that given the proximity to trial the existing prejudice cannot be cured, and that all 17 witnesses should be precluded.

In opposition, Plaintiff cites 6 James W. Moore, et al., MOORE'S FEDERAL PRACTICE § 26.131[1] and *In re Jacoby Airplane Crash Litig.*, 2007 U.S. Dist. LEXIS 10090 (D.N.J. 2007) for the proposition that a party can meet the requirements of Rule 26(e) by making information known in writing or during the discovery process.  Plaintiff also contends that the disclosure of witnesses in deposition testimony is adequate to satisfy a party's notice obligations.  Plaintiff states that her proposed witnesses were disclosed in Defendant's Answers to Interrogatories, Initial Disclosures and Plaintiff's Answers to Interrogatories and/or were referred to in Plaintiff's deposition testimony.  In addition, Plaintiff states that 2 of her proposed witnesses were coworkers who provided witness statements which were forwarded to defense counsel on December 16, 2010.

Plaintiff maintains that the cases cited by Defendant only authorize preclusion of Plaintiff's witnesses and not employees of Defendant.  Citing *Grajales-Romero v. American Airlines, Inc.*, 194 F.3d 288, 298 (1st Cir. 1999) and *Depew v. Shopko Stores, Inc.*, 2006 U.S. Dist. LEXIS 1918 (D. Idaho 2006), Plaintiff claims these cases support her position that Defendant cannot preclude its current (or former) employees from testifying.  Finally, Plaintiff notes that Defendant only noticed 2 depositions in this case (*i.e.*: Plaintiff and Plaintiff's husband) and, therefore, it is disingenuous for Defendant to argue that in order to avoid any

prejudice it needs to depose Plaintiff's witnesses.

The Court notes that pursuant to FED. R. CIV. P. 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment". In addition, Defendant's Interrogatory No. 14 required Plaintiff to identify each and every person she intended to call as a witness at trial.

Plaintiff does not dispute Defendant's contention that, prior to the submission of the Final Pretrial Order, she failed to specifically identify numerous individuals whom she contends possess discoverable information or to affirmatively disclose her intention to call the 17 individuals named in Defendant's motion as trial witnesses. Rather, Plaintiff contends that she satisfied her disclosure obligations "by making information known to the Defendant in writing or during the discovery process". *See* Pl.'s Br. at 6.

Having considered the factors set forth in *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977), the Court disagrees. A party who fails to disclose information bears the burden to show that its nondisclosure was substantially justified or harmless. *See D&D Associates, Inc. v. Board of Educ. of North Plainfield*, 2006 WL 1644742, at *3-4 (D.N.J. 2006); *see also* FED. R. CIV. P. 37(c). In this case, Plaintiff has failed to meet this burden and any harm which may befall Plaintiff as a result of the preclusion of these witnesses is outweighed by the prejudice to Defendant and the potential for disruption of the trial. Accordingly, Defendant's motion is **GRANTED**.

II.     **Defendant's motion to preclude the introduction of defense counsel Rick Harmon as**

**a fact witness at trial [dkt. entry no. 139]**

Plaintiff seeks to introduce defense counsel Harry R. Harmon, Esq. ("Harmon") to testify as a fact witness at trial.  Defendant contends that Plaintiff should be precluded from doing so because she failed to previously disclose Mr. Harmon as a witness until so designating him in the Final Pretrial Order and, to date, has failed to demonstrate that he is a necessary witness.  Throughout the discovery process, Plaintiff never made any attempt to pursue discovery from Mr. Harmon and he was not identified as a witness in Plaintiff's answer to Defendant's Interrogatory No. 14.  Further, Mr. Harmon has been actively involved in the defense of this case since he was admitted *pro hac vice* on July 30, 2009.  Substantively, Plaintiff was aware of Mr. Harmon's involvement in this case since February 2007 inasmuch as he was involved in discussions with her counsel while she was still employed by Defendant.  Plaintiff was also aware, based on Carla Lang's ("Lang") deposition testimony on May 20, 2010, that Mr. Harmon was consulted by Defendant regarding its decision to terminate Plaintiff.

Defendant argues that even if it is not precluded on the basis of Plaintiff's failure to previously identify him, Mr. Harmon's testimony should be precluded because Plaintiff did not seek to disqualify him from representing Defendant at trial on the grounds that his appearance would interfere with his ability to represent Defendant.  Next, Defendant argues that although Plaintiff plans to call Mr. Harmon to testify as to the timing and reasons for Plaintiff's termination, she has also designated other, more knowledgeable witnesses to elicit the same information.  Although Defendant concedes that Mr. Harmon engaged in communications with Plaintiff's prior counsel and spoke with Ms. Lang about the decision to terminate Plaintiff, Mr. Harmon's involvement was nothing out of the ordinary for an attorney who counsels clients on

employment-related decisions.  In short, Mr. Harmon has no knowledge of the specific performance issues which led to Plaintiff's termination.  For these reasons, Defendant maintains, Mr. Harmon does not meet the definition of a necessary witness and Plaintiff should be precluded from calling him at trial.

In opposition, Plaintiff acknowledges that she did not advise Defendant of her intention to call Mr. Harmon as a witness until October 2011.  However, Plaintiff maintains that Mr. Harmon has been involved in this matter since December 2005, the time of Plaintiff's negative performance review, that Mr. Harmon knows that he was a "player" in Plaintiff's termination, and that he has placed himself in the position of being both witness and advocate.  Plaintiff argues that Defendant has misrepresented the extent of Mr. Harmon's involvement in its moving papers as well as in its answers to Plaintiff's Interrogatory Nos. 3, 9 & 21.  Specifically, Plaintiff claims that Mr. Harmon "called the shots" and made the ultimate decision related to Defendant's investigation of her gender discrimination complaint.

Plaintiff cites John F. Birmingham, *Preserving the Attorney-Client Privilege in the Employment Environment*, Michigan Bar Journal, Jan. 2009 at 38, *Harding v. Dana Transport*, 914 F. Supp. 1084, 1091 (D.N.J. 1996), and *Brownell v. Roadway Package System*, 185 F.R.D. 19 (N.D.N.Y 1999) for the proposition that whether the role Mr. Harmon played is protected depends on whether he was offering legal advice in anticipation of litigation – or analyzing legal risk – versus enforcing the company's Human Resources policies and acting as a decision-maker. Plaintiff argues that there is a strong implication that Mr. Harmon, rather than Ms. Lang, was the actual decision-maker.  Plaintiff argues that the attorney-client privilege is lost where the roles of attorney and investigator are combined and the investigating attorney appears in the subsequent

6

employment discrimination case.

In this instance, Plaintiff does not dispute that she failed to timely or properly identify Mr. Harmon as either a person with relevant knowledge or as a witness whom she intended to call at trial. Likewise, there is no dispute that Plaintiff has not sought to disqualify Mr. Harmon from representing Defendant at trial.

New Jersey Rule of Professional Conduct 3.7 prohibits an attorney from testifying as a necessary fact witness at trial except in certain limited circumstances. The Court find that Plaintiff has failed to establish that Mr. Harmon is a necessary witness and that permitting Plaintiff to call him as a witness would result in substantially greater hardship to Defendant than to Plaintiff. Accordingly, for the reasons set forth herein, Defendant's motion is **GRANTED**.

**III.   Defendant's motion to preclude the introduction into evidence of any exhibit not previously disclosed to Defendant during discovery [dkt. entry no. 139]**

Plaintiff has identified 21 documents in the Final Pretrial Order Exhibit List that were not previously disclosed. Specifically, 18 of the 21 documents were obtained from Plaintiff's company-issued laptop (Exhs. 43-44, 50, 92, 111, 119-121, 136, 138, 140, 144-45, 147-48, 169-171), 1 is an article written by one of Defendant's former bosses (Ex. 156), 2 are *Linked-In* profiles of former and current associates of Defendant (Exhs. 167 & 183), and 1 is a job posting for a position entitled Federal Tax Manager Audit & Special Projects (Ex. 182). Defendant states that Plaintiff produced 344 documents from her laptop during the course of discovery. Although Plaintiff claims that some of the 18 new documents obtained from Plaintiff's computer were identified during Mark Dunckle's ("Dunckle") deposition (defense counsel objected that exhibits used during this deposition had not previously been produced), to date Plaintiff has not

specifically indicated the particular documents to which she is referring.  Further, Defendant claims it is absurd to suggest that it should have searched Plaintiff's laptop when it was returned and discovered additional documents which might be used at trial.

Defendant notes that it served discovery requests over 3 years ago which included requests for any emails relating to Plaintiff's claims against Defendant.  Defendant cites FED. R. EVID.402 and 403 and FED. R. CIV. P. 37(c)(1) for the proposition that Plaintiff cannot be allowed to identify numerous documents on the eve of trial.  To the extent Plaintiff discovered additional documents after her responses were served, she had an affirmative duty to supplement these responses pursuant to FED. R. CIV. P. 26(e)(2).

Defendant also cites *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000), *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719-20 (3d Cir. 1997), *Shumek v. McDowell*, 2011 WL 183985, at *2 (M.D. Pa. 2011), *Grajales-Romero v. American Airlines, Inc.*, 194 F.3d 288, 297 (1st Cir. 1999), *Depew v. ShopKo Stores, Inc.*, 2006 WL 47357, at *3 (D. Idaho 2006), *Bowers v. NCAA*, 475 F.3d 524, 541 (3d Cir. 2007), *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159-60 (S.D.N.Y. 2003), and *Bradley v. United States*, 866 F.2d 120, 127 (5th Cir. 1989) for the proposition that the Court must consider: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted, (2) the ability of the party to cure the prejudice, (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case, and (4) bad faith or willfulness in failing to comply with a court order or discovery obligations.  Defendant argues that it will be unable to respond effectively at trial given that it was deprived of the opportunity to depose or interview witnesses or otherwise discover facts related to these documents and, therefore, it would be

patently unfair to allow Plaintiff to use the disputed documents as Defendant is unable to cure the accrued prejudice while preparing for trial.

Initially, Plaintiff notes that she returned her company-issued laptop to Defendant in April 2010 and, despite Defendant's admonitions, Plaintiff finds it hard to believe that Defendant did not search her laptop. Citing Plaintiff's deposition transcript at pages 88-92, Plaintiff claims that defense counsel asked her during her deposition whether she had removed any files from her computer and, at that time, it was clear that defense counsel had analyzed the contents of her laptop to see if any files had been deleted. Plaintiff argues that all of the additional documents gleaned from Plaintiff's laptop are Defendant's documents which were generated in the ordinary course of business and were never available only to Plaintiff. Further, Plaintiff contends that she complied with Defendant's document request for all documents stored on Plaintiff's computer by returning her laptop to Defendant while these documents were still on the computer.

Plantiff cites FED. R. CIV. P. 26(b)(2)(C)(i), *Barclay v. Pawlak*, 2010 U.S. Dist. LEXIS 33724 (D. Conn. 2010), and *Averyt v. Walmart*, 2011 WL 5325525 (D. Colo. 2011) for the proposition that the Federal Rules do not require parties to produce documents that are equally available to both sides. Plaintiff contends that Defendant cannot demonstrate that it will suffer any prejudice by the introduction of *Linked-In* postings, job postings from Defendant's own website, or the article comprising an interview of Mr. Monfries.

Again, Plaintiff does not dispute that she failed to timely or properly identify the 21 disputed documents in either her Initial Disclosures or in her responses to Defendant's discovery requests or in any supplement thereto. Rather, she contends either that the documents in question were under Defendant's control or that they were publicly available. With one (1) exception, the

9

Court finds Plaintiff's arguments unavailing and inadequate to excuse her from her disclosure and discovery obligations.  Plaintiff argues that Defendant should have produced certain job postings as they were requested by her in discovery.  The fact that Plaintiff located same without Defendant producing them does nothing to prejudice Defendant.  Accordingly, for the reasons set forth herein, Defendant's motion is **DENIED** with respect to the job postings on Defendant's website and is **GRANTED** in all other respects.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: April 10, 2012.**