## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DEBORA SCHMIDT

              Plaintiff,

v.

MARS, INC.

          Defendant.

Civil Action No. 09-3008 (PGS)

MEMORANDUM AND ORDER

This matter is before the Court on a motion for Judgment notwithstanding the jury's verdict or alternatively for a new trial by Plaintiff Debora Schmidt ("Plaintiff" or "Schmidt")in this case. For the reasons below, the motion is denied because it fails to meet the procedural requirements of the Rules of Court, and does not substantially meet the test for granting such motions.

I.

Motion for Entry of Judgment as a Matter of Law

    A.     Procedural Defect

A Rule 50 motion for entry of a judgment as a matter of law may be "made at any time before the case is submitted to the jury." So long as the motion was made during trial, a party may submit a "renewed motion for judgment as a matter of law after the trial." Fed. R. Civ. P. 50(a)(2) and 50(b). *Rinehimer v. Cemcolift*, Inc., 292 F. 3d 375 (3d Cir. 2002). See also *Tortu v. Las Vegas Metro. Police Dep't*, 556 F. 3d 1075, 1081 (9th Cir. 2009). Here, no such motion was made at trial. As such, the motion for a judgment as a matter of law is denied.

B.      Substantive Defect

In order to grant a Rule 50 motion, the Court must "find that a reasonable jury would not

have had a legally sufficient basis to find for the party on that issue."  More particularly,

> Judgment as a matter of law is proper only where "a party has been
> fully heard on an issue during a jury trial and the court finds that a
> reasonable jury would not have a legally sufficient evidentiary basis
> to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In
> entertaining a Rule 50 motion, a court should review the record as a
> whole, but disregard all evidence favorable to the moving party that
> the jury is not required to believe. Reeves v. Sanderson Plumbing
> Prods., Inc., 530 U.S. 133, 151, 120 S. Ct. 2097, 147 L. Ed. 2d 105
> (2000). "[T]he court should give credence to the evidence favoring
> the nonmovant as well as that evidence supporting the moving party
> that is uncontradicted and unimpeached, at least to the extent that that
> evidence comes from disinterested witnesses." Id.

*McCann v. Miller*, 2012 U.S. App. LEXIS 21960 (3d Cir. 2012)

Schmidt claims that she proved that Mark Dunckle was a "comparator of plaintiff for the

purposes of NJLAD" and argued that she was discriminated against because "Dunckle was not

assigned project work, and he was paid more . . . classified in a higher pay grade."  (Pl. Br. at 2.)

However, the testimony at trial is at odds with Plaintiff's claim.  For example, Mr. Monfries,

Schmidt's manager, testified that Dunckle's work was different from Schmidt's work – Dunckle

focused on state taxes from each state in which Mars sold its products (about 30 states), whereas

Schmidt solely worked on federal taxes.  In addition, Mr. Monfries testified that unlike Dunckle,

Schmidt's work performance was assessed as sub-par.

Further, other witnesses testified that Schmidt was terminated for various reasons,

including that she was opposed to traveling to Mars' Virginia office to coordinate her work with

other tax employees. Her negative reaction caused friction between Schmidt and her managers.

Schmidt's managers attempted to resolve this dispute by affording her more advanced notice of the travel requirement so she could prepare plans for her family. Instead, Schmidt claimed that it was an act of discrimination to require her to travel to Virginia, while excusing Dunckle from the requirement.  This allegation was refuted by Mr. Monfries who testified that he sometimes excused Dunckle from traveling to Virginia because Dunckle often traveled around the country to attend to state tax matters which Schmidt was not required to do.  In addition to the above, there were several other witnesses including Carla Lang and Karen Urankar who simply disputed all of Plaintiff's claims. Strikingly, one of the plaintiff's witnesses, Kim Morgan, a co-worker, did not believe plaintiff had a bona fide discrimination case.  More specifically, Ms. Morgan, on cross-examination testified:

> Q.    Isn't it true that you told her [Schmidt] that you would not support her because you did not believe she had a case.
> A.    Correct

May 4, 2012 T 45, L 1-5 (unrevised)

The jury listened to Plaintiff's claims, and all of the testimony, but decided against her in their verdict.  As such, the motion to grant judgment as a matter of law is denied.

Motion for a New Trial

The Court is empowered to grant a new trial if convinced that the verdict is so contrary to the weight of the evidence that there is a serious danger that a miscarriage of justice has occurred. New trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict,  on the record, cries out to be overturned or shocks our conscience. *Williamson v. Consol. Rail*

*Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).   A district court must view all the evidence and inferences reasonably drawn in the light most favorable to the party in favor of whom the verdict was rendered (Mars). *Marino v. Ballestas*, 749 F.2d 162, 167 (3d Cir. 1984).  When a motion for a new trial is based primarily on the weight of the evidence, the discretion of the trial court is limited.  See *Greenleaf v. Garlock, Inc*., 174 F. 3d 352, 366 (3d Cir. 1999).  According to Plaintiff, there were eight rulings in which a miscarriage of justice occurred. Below each of the eight rulings are individually addressed.

1.      In discovery, Plaintiff was denied documents and was not allowed to make a motion to compel.

Response:  The Court adopts the Defendants' position as set forth in its brief. That is, Plaintiff has failed to identify the evidence she is talking about, including the specific personnel files to which she alludes, or how a different ruling by this Court would have affected the outcome of the trial.

2.      Plaintiff claims that a change in venue may have changed the outcome of the trial because the witnesses lived in northern New Jersey.

Response:  By way of background, then Chief Judge Brown reallocated the matter from Newark to Trenton on June 24, 2011 (ECF No. 71) along with a number of other cases.  In a subsequent motion to change venue (ECF No. 125), this Court denied the motion because there was no compelling reason to change the venue when the matter had been before me for about three years (so the Court was familiar with the case) and it was ready for trial.

3.      Plaintiff claims that the Court's denial of her request to have unanswered Request for Admissions deemed admitted is prejudicial (ECF No. 145).

<u>Response</u>:  My reasons for the above denial are set forth on the record at the hearing on this matter (May 1, 2012).  The Court relies on that rationale given at that hearing, and further adopts the reasoning found in Defendants' brief in this matter.

4.  The Magistrate Judge's denial of Plaintiff's request to have current tax employees testify  is prejudicial.

<u>Response</u>:   As the Court understands the facts, Plaintiff made a request to amend the final pre-trial order several weeks before trial. Magistrate Judge Arpert found the request was untimely and denied same (ECF No. 156).  The Magistrate Judge's decision is in accord with the practice.

5.  Exclusion of evidence that predated 2004.

<u>Response</u>:  The Court explained its rationale for excluding evidence predating 2004 in its Memorandum and Order denying Mars' summary judgment motion (ECF No. 125). The Court relies on that Memorandum and Order.  The same rationale was also given in response to a motion by Plaintiff's on the record at the beginning of trial. The Court relies on same.

6.  Limitation on Evidence regarding subject matter in Plaintiff's claim was prejudicial.

<u>Response</u>:   Plaintiff claims that men working at Mars were playing fantasy football and emailing pornographic materials during work hours.  The Court ruled that these claims did not relate to her discrimination or retaliation claims. In addition, many of these activities complained of above had occurred prior to 2004, which were excluded.  See the Court's Memorandum and Order cited above. (ECF 125).

7.     Redaction of a document wherein a female complained about Mark Dunckle for allegedly applying double standards in the workplace.

Response: The issue arose when Ms. Schmidt was testifying about Exhibit 215. She sought to read a paragraph from that exhibit that was reportedly a statement made by a tax analyst (Ms. Consales) (See 5/17/12 T6, 14-16).   The paragraph in question is set forth in the transcript. (5/17/12 T8, 18 through T9, 8).   The Court ordered redaction because the statement was not subject to cross-examination and did not fall within an exception to the hearsay rules.  At that time, Ms. Foster requested that I delay redaction until Mr. Monfries testified. Interestingly, Mr. Monfries testified, but the paragraph in Exhibit 215 was not discussed at length. Ms. Consales, a tax analyst, allegedly made the statement, but she was never asked about it during her testimony.  The Court later ruled that the questioned paragraph should be redacted.

8.     Exclusion of Rebuttal Evidence.  Plaintiff argues that the Court denied her request to introduce rebuttal evidence to the Defendants' witnesses.

Response:   Most of the witnesses at trial were called by Plaintiff. In addition, Schmidt's testimony focused primarily on how she was upset with her treatment at work.  Since rebuttal evidence is within the Court's discretion, there was no reason to believe rebuttal evidence would be productive when the primary case availed little, if any, discriminatory actions.  *United States v. Chrzanowski*, 502 F. 2d 573, 576 (3d Cir. 1974).

In conclusion, the verdict does not show any miscarriage of justice occurred.

ORDER

For the reasons set forth above;

IT IS on this 4th day of December, 2012

ORDERED that the motion for a judgment notwithstanding the verdict and/or for a new trial is denied.


_s/Peter G. Sheridan_____
PETER G. SHERIDAN, U.S.D.J.